IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:25-cv-03174-CNS

A.A.,

    Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of Aurora Contract Detention Facility owned and operated by GEO Group, Inc.;
ROBERT HAGAN,[1] in his official capacity as Field Office Director of the Immigration and Customs Enforcement, Enforcement and Removal Operations Denver Field Office;
KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; and
PAM BONDI, in her official capacity as Attorney General of the United States,

    Defendants.

## ORDER

    This case presents a now familiar issue: Whether Petitioner's detention is improper. It is. Therefore, and explained further below, Petitioner's amended habeas petition, ECF No. 5, is GRANTED IN PART to the extent Petitioner seeks an individualized bond hearing, which Respondents must conduct before an Immigration Judge within seven days of this order, and at which the government bears the burden of showing by clear and convincing evidence that Petitioner's continued detention is justified. In explaining this conclusion, the Court presumes familiarity with this case's factual and

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Director Hagan is automatically substituted as a party in this action. *See also* ECF No. 17 at 1 n.1.

1

procedural background, as well as the parties' evidentiary submissions in connection with their habeas briefing.

Central to the parties' dispute as to the propriety of Petitioner's detention is the applicable doctrinal framework, and whether under this framework Petitioner's detention comports with due process. *Compare* ECF No. 17 at 7–13, *with* ECF No. 18 at 2. Of course, Petitioner acknowledges that she is detained pursuant to 8 U.S.C. § 1231(a). *See, e.g.,* ECF No. 5 at ¶ 1. This, Respondents say, is the crucial fact that presents—and resolves—the governing doctrinal question. *See, e.g.,* ECF No. 17 at 7. As previously expressed, the Court—now like others—lacks such certainty as to how this question resolves, to the point of having previously rejected Respondents' virtually identical argument. *See Juarez v. Choate*, No. 1:24–cv–00419–CNS, 2024 WL 1012912, at *6 (D. Colo. Mar. 8, 2024), *appeal dismissed* (June 24, 2024) ("[T]here appears to be little substantial distinction between the liberty interest of noncitizens detained pursuant to § 1226(c) and § 1231(a)(6)."). *See also Ramirez v. Bondi*, No. 25–cv–1002–RMR, 2025 WL 1294919, at *6 (D. Colo. May 5, 2025); *Arostegui-Maldonado v. Baltazar*, No. 25–cv–2205–WJM–STV, --- F. Supp. 3d ----, 2025 WL 2280357, at *6 (D. Colo. Aug. 8, 2025).

As indicated in *Juarez*, even courts outside this judicial district have reached substantially the same conclusion. *See, e.g., Michelin v. Oddo*, Case No. 3:23–cv–22, 2023 WL 5044929, at *6 (W.D. Pa. Aug. 8, 2023), *reconsideration denied in part*, No. 3:23–cv–22, 2023 WL 5672278 (W.D. Pa. Sept. 1, 2023), *appeal dismissed sub nom. Michelin v. Warden Moshannon Valley Corr. Ctr.*, No. 23-2966, 2024 WL 1904350 (3d Cir. Feb. 2, 2024) ("Petitioner persuasively argues that the Court should apply the

framework set forth by the Third Circuit in *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203 (3d Cir. 2020). Respondents do not directly dispute or otherwise respond to this argument. *German Santos* involved a noncitizen detained by ICE pursuant to 8 U.S.C. § 1226(c).") Notably, *Michelin* had no problem affirming this conclusion at the reconsideration stage: "Petitioner is entitled to habeas relief on his as-applied due process claim in accordance with the procedures laid out in *German Santos* (a bond hearing at which the government must justify his continued detention by clear and convincing evidence)." 2023 WL 5672278, at *3. In doing so, *Michelin* quoted the government's own counsel from oral argument in *Johnson v. Arteaga-Martinez*, 596 U.S. 573 (2022), where counsel responded to a question from Justice Barrett that:

> *Zadvydas* does not apply to detention pending a proceeding. I think *Demore* [*v. Kim*, 538 U.S. 510 (2003)] makes that pretty clear . . . But we would acknowledge the possibility of an as-applied constitutional challenge in extreme circumstances. *So, if the government were seeking continuances, if the government were responsible for the delay, there would be a host of factors that a court ... could potentially consider, and the lower courts are actively considering these kinds of claims. We would acknowledge that might be permissible*.

2023 WL 5672278, at *3 (citation modified). *Michelin* followed up that "[t]he type of multi-factor test referenced by the government's counsel is exactly what *German Santos* instructs a habeas court to apply to the type of as-applied due process claim Petitioner brought in this case." *Id.*

Respondents marshal cases in support of their "Never mind, actually, *Zadvydas* applies" argument. *See, e.g.,* ECF No. 17 at 8. The Court acknowledges these cases and that they run contrary to *Juarez*. *See, e.g., Castaneda v. Perry*, 95 F.4th 750, 760 (4th Cir. 2024) ("[T]he *Zadvydas* standard *is* due process: a § 1231 detainee who fails the

3

*Zadvydas* test fails to prove a due process violation."); *Linares v. Collins*, No. 1:25–CV–00584–RP, 2025 WL 2726549, at *4 (W.D. Tex. Aug. 12, 2025), *report and recommendation adopted*, No. 1:25–CV-584–RP, 2025 WL 2726067 (W.D. Tex. Sept. 24, 2025). But these cases fail to persuade, and given they are neither cases from the Tenth Circuit nor the United States Supreme Court, the Court is not bound by them. *See, e.g., United States v. Woody*, 336 F.R.D. 293, 355 (D.N.M. 2020) ("[The] Court is bound to follow clear precedent from the Tenth Circuit and the Supreme Court."); *King v. IC Grp., Inc.*, 743 F. Supp. 3d 1346, 1354 (D. Utah 2024) ("Out-of-circuit decisions are not binding precedent on district courts in the Tenth Circuit." (citation modified)).[2] Accordingly, the Court proceeds in its habeas analysis by considering the same factors it considered in *Juarez*. *See* 2024 WL 1012912, at *6 (citation modified).

*First*, Petitioner has been detained for, in Respondents' own words, "approximately three years." ECF No. 17 at 14 (citation modified). This favors Petitioner and a bond hearing. *Id.*

*Second*, the duration of likely future detention is "lengthy," and based on the posture of her proceedings is likely to extend beyond the coming months. This factor therefore also favors Petitioner. *See, e.g., Ramirez*, 2025 WL 1294919, at *6.

*Third*, the conditions of detention are poor. Respondents don't attempt to argue otherwise. *Compare* ECF No. 17 at 14, *with* ECF No. 5 at 9. This factor thus favors Petitioner. *See, e.g., Ramirez*, 2025 WL 1294919, at *6 ("Petitioner represents that the

---

[2] And if Respondents, as indicated in their response brief, seek appellate resolution of the issues raised in this case, they can simply come back to the Court with any opinion that the Tenth Circuit may reach in their docketed *Ramirez* appeal, where it appears the government's opening brief is soon due, and which the Court would consider in any subsequent analysis in this case. *Cf.* Case No. 25–1263, Dkt. Nos. 1, 17.

4

conditions of her detention are poor and have exacerbated her physical and mental health complications.").

*Fourth and fifth*, any delays attendant to the parties' behavior resolve, although not as strongly as the above factors, in favor of Petitioner. Both parties observe that each other have engaged in conduct resulting in delays throughout Petitioner's adjudicative process. *Compare* ECF No. 17 at 14, *with* ECF No. 18 at 10. But the Court declines Respondents' invitation to hold all these delays against Petitioner, *see* ECF No. 17 at 14, especially where she has not engaged in any "improper dilatory tactics." *Ramirez*, 2025 WL 1294919, at *6. *See also id.* ("Courts have not held this factor against petitioners who have engaged in good faith efforts to obtain counsel and seek relief through all legal channels available against them.").

*Sixth*, as to the likelihood of a final removal order, such a removal order is currently under appellate review by the Fourth Circuit, involving a stay pending removal. *See* ECF No. 18 at 10; ECF No. 17-1 at 8. This fact is neutral, insofar as—at most—Petitioner has identified *ongoing* proceedings that have not yet resolved *against her*, rather than provided any evidence that such proceedings have an likelihood of resolving *affirmatively* in her favor.

\* \* \*

*In sum*, five of the six relevant factors favor Petitioner. Accordingly, she is entitled to an individualized bond hearing before an Immigration Judge as a matter of due process. At such a hearing, the government "will bear the burden to show by clear and

convincing evidence that continued detention is justified." *Juarez*, 2024 WL 1012912, at *8.

In addition to her bond hearing request, Petitioner advances several additional requests for relief. *See, e.g.,* ECF No. 5 at 26. The Court addresses them below.

*First*, the Court DENIES AS MOOT Petitioner's request that the Court enjoin Respondents from transferring Petitioner out of this judicial district, given the entry of this order. Moreover, the Court notes, consistent with its order, that it has jurisdiction over this matter.

*Second*, the Court DENIES Petitioner's request for the issuance of a writ of habeas corpus immediately releasing her from custody, having found that an individualized bond hearing to occur within seven days of this order is appropriate.

Accordingly, and consistent with the above analysis, Petitioner's amended habeas petition, ECF No. 5, is GRANTED IN PART to the extent she seeks an individualized bond hearing at which the government bears the burden of showing by clear and convincing evidence that continued detention is justified. Within seven days after the bond hearing occurs, the Court orders the parties to file a joint status report.

DATED this 14th day of November 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge