IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:25-cv-03174-CNS

A.A.,

      Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of Aurora Contract Detention Facility owned and operated by GEO Group, Inc.;
ROBERT HAGAN, in his official capacity as Field Office Director of the Immigration and Customs Enforcement, Enforcement and Removal Operations Denver Field Office;
KRISTI NOEM, in her official capacity as Secretary of the Department of Homeland Security; and
PAM BONDI, in her official capacity as Attorney General of the United States,

      Defendants.

---

**ORDER**

---

Before the Court is Petitioner's motion to enforce, ECF No. 21, and Respondents' response, ECF No. 23. The Court DENIES Petitioner's motion.

Review of Petitioner's motion reveals that while it is styled as an enforcement motion, it is in essence an appellate brief seeking reversal of the Immigration Judge's (IJ's) bond order. *See, e.g.*, ECF No. 21-1 at 6–7 ("First, the IJ made erroneous statements about the record and neglected other parts of it."); *id*. at 11 ("[T]he IJ relied upon the putatively amended I-213 to erroneously conclude that DHS had met its burden to show that A.A. was a flight risk."). But seeking *appellate* review before the Court is

1

improper. At this stage, "[i]n reviewing a petitioner's motion to enforce, it is important to emphasize that the Court's task is narrow: it is to determine whether the respondent complied with the Decision and Order, not to review the hearing evidence *de novo*." *Tucker v. Searls*, No. 22–CV-608–LJV, 2023 WL 3267085, at *3 (W.D.N.Y. May 5, 2023) (citation modified); *Apollinaire v. Barr*, No. 19–CV–6285–FPG, 2019 WL 4023560, at *3 (W.D.N.Y. Aug. 27, 2019) ("[T]he question is whether the immigration judge relied upon proof that could not possibly establish by clear and convincing evidence that Petitioner is a flight risk." (citation modified)). And review of the record and the IJ's bond order confirms that, contrary to Petitioner's suggestion, the IJ adhered to the Court's prior order and properly held the government to its burden of proof in concluding that Petitioner was not entitled to bond based on the flight risk that she posed. *Compare* ECF No. 21-1 at 8, *with* ECF No. 21-4 at 7 (reciting evidence and concluding that "[g]iven all the foregoing, and after considering the record as a whole, the Court therefore concludes that *the Department* has established by *clear and convincing evidence* that Respondent's ongoing detention is justified because her release would pose a significant risk of fight that no amount of bond or combination of conditions could mitigate" (emphasis added)).

That Petitioner objects to the manner in which the IJ considered evidence in arriving at this conclusion is no basis to essentially reverse the IJ, or grant the relief that Petitioner seeks—nor does anything in the IJ's bond order suggest that he failed to provide Petitioner with an adequately individualized hearing. *Cf*. ECF No. 21-1 at 6; *id*. at 10; *id*. at 14. At bottom, the Court agrees with Respondents that the IJ properly discharged his duties in compliance with this Court's order, *see, e.g.*, ECF No. 23 at 3, properly held

2

the government to its burden of proof, *id*. at 10, that the IJ's conclusion is supported by record evidence, *id*. at 11, and that in light of the foregoing, granting the relief Petitioner seeks—a new bond hearing before this Court or immediate release—is improper, *see id*. at 15. *See also Roman v. Decker*, No. 20–cv–6752 (AJN), 2021 WL 3173138, at *3 (S.D.N.Y. July 27, 2021) ("Indeed, the Court is mindful of its obligation to afford a degree of deference to the factfinder's determinations, and approaches the issue raised . . . with care, so as not to overstep its bounds and set aside an immigration judge's bond determination on discretionary or evidentiary grounds." (citation modified)); *Vides v. Searls*, No. 6:20–CV–06293 EAW, 2021 WL 6846277, at *1 (W.D.N.Y. May 13, 2021) (observing that federal district courts do not engage in *de novo* review of hearing determinations and that "[t]his limitation means that the Court cannot substitute its judgment for the IJ's determination"). Of course, as Respondents themselves observe, this does not limit Petitioner's general ability to seek any relief from the IJ's determination from the Board of Immigration Appeals. *Cf*. ECF No. 23 at 15 n.2 (citing 8 C.F.R. § 1236.1(d)(3)).

Accordingly, and for the reasons set forth above, the Court DENIES Petitioner's enforcement motion. ECF No. 21.

DATED this 17th day of December 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

3